43 F.3d 1486
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas P. REUTERSHAN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3493.
 United States Court of Appeals, Federal Circuit.
 Dec. 12, 1994.
 
 Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge and CLEVENGER, Circuit Judge.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Thomas P. Reutershan petitions for review of the decision of the Merit Systems Protection Board (Board) in Docket No. DC-1221-94-0042-W-1, dismissing his Individual Right of Action (IRA) appeal as untimely filed. The February 2, 1994 initial decision of the Administrative Judge (AJ) became the final decision of the Board when on June 2, 1994, the full Board denied review.
 
 
 2
 The Board correctly concluded that it did not have statutory authority to waive the time limit even for good cause shown and that the time limit should not be tolled here as an equitable matter. Because the correspondence to Reutershan adequately notified him of the last possible filing date and was never retracted, the Board did not abuse its discretion in rejecting his excuse of confusion from the letters. Therefore, we affirm.
 
 DISCUSSION
 I. Background
 
 3
 Reutershan filed an IRA appeal with the Board postmarked October 13, 1993 claiming that the Department of Health and Human Services reassigned him against his will in reprisal for alleged whistleblowing activity covered by 5 U.S.C. Sec. 2302(b) (Supp. V 1993). He had previously sought corrective action from the Office of Special Counsel (OSC) which informed him by letter dated July 23, 1993 that it was terminating its investigation of his complaint, finding that he had not engaged in whistleblowing activity as statutorily defined. The letter, along with a second issued the same day, informed Reutershan of his right to file an IRA appeal with the Board within 65 days of the date of that letter, in accordance with 5 C.F.R. Sec. 1209.5(a)(1) (1993).
 
 
 4
 In a letter of August 9, 1993, Reutershan requested that OSC reconsider the decision to terminate its investigation. In Reutershan's opinion, OSC's investigation had been insufficient to uncover the evidence which would support his allegations. OSC responded in a letter dated August 19, 1993 that it agreed to reconsider its decision to terminate the investigation. That letter stated:
 
 
 5
 This will acknowledge the receipt of your recent correspondence which we will treat as a request for reconsideration of the decision of the Office of Special Counsel to close the above-captioned file.
 
 
 6
 There is no formal process by which one may "appeal" a decision of this agency not to prosecute his or her claim, since this is not an adjudicative agency....
 
 
 7
 After our review is complete, a decision will be made as to whether the file should be reopened, and you will be notified of our decision at this time.
 
 
 8
 (Emphasis added.)
 
 
 9
 On October 5, 1993, OSC informed Reutershan that it found no basis upon which to reopen its investigation. Shortly thereafter, on October 13, 1993 Reutershan filed an IRA appeal with the Board. Because he filed this appeal 82 days after OSC's July 23, 1993 letter, after the 65 days allowed by regulation, the AJ ordered petitioner to assert any excuse for the delay and thereafter rejected his proffered excuse and dismissed his IRA case as untimely filed. This became the final decision of the Board when the full Board denied review. Reutershan, pro se, appeals to this court.
 
 II. Applicable Law
 
 10
 We must affirm the decision of the Board unless it is (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) obtained without procedures required by law, rule, or regulation having been followed; or (c) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988 & Supp. V 1993).
 
 
 11
 The Whistleblower Protection Act requires that IRA appeals be filed within 60 days after notification from OSC that its investigation was terminated. 5 U.S.C. Sec. 1214(a)(3) (Supp. V 1993) ("An employee, former employee, or applicant for employment may seek corrective action from the Board ... [if] no more than 60 days have elapsed since notification was provided to such employee, former employee, or applicant for employment that [OSC's] investigation was terminated....") (emphasis added). The Board's implementing regulation provides that an IRA appeal must be filed "[n]o later than 65 days after the date of issuance of the Office of Special Counsel's written notification to the appellant that it was terminating its investigation of the appellant's allegations...." 5 C.F.R. Sec. 1209.5(a)(1) (1993) (emphasis added).[1]
 
 III. Arguments Analyzed
 A. Waiver for Good Cause
 
 12
 Reutershan does not contest that his IRA appeal to the Board was postmarked 82 days after the issuance of OSC's notice of termination and, therefore, is untimely filed under both the statute and regulation. However, he contends the time limit should be waived for good cause because he reasonably assumed that the 65 day regulatory time limit for filing an appeal to the Board did not begin to run until OSC issued a further decision following its August 19, 1993 letter agreeing to consider whether to reopen its investigation.
 
 
 13
 Regardless of whether Reutershan's assumption as to when the time limit began to run was reasonable, the Board may not waive the time limit for good cause. Decisions of the Board have made clear that neither the statute nor the regulations grant it this authority or specify circumstances in which the time limit may be waived. Wood v. Department of the Air Force, 54 M.S.P.R. 587, 593 (1992); Montez v. Department of the Air Force, 55 M.S.P.R. 230, 232-33 (1992); Pashun v. Department of the Treasury, 54 M.S.P.R. 594, 596, aff'd, 985 F.2d 585 (Fed.Cir.1992) (table).
 
 
 14
 We agree that waiver of the time limit cannot be considered under the relevant statute. To allow such a waiver would impermissibly amend the statute. Reutershan's late filing with the Board is analogous to appeals brought before this court from Board decisions in which the 30-day statutory period for appeal is a jurisdictional requirement and therefore cannot be waived. Monzo v. Department of Transp., 735 F.2d 1335, 1336 (Fed.Cir.1984). If Congress wished to authorize a waiver for IRA appeals filed under 5 U.S.C. Sec. 1221, it plainly could have, and knew it could have included a waiver provision, as it did in fact do in 5 U.S.C. Sec. 7701(e)(1)(B) for other types of appeals to the Board. That it did not for IRA filings is therefore conclusive.
 
 B. Equitable Tolling
 
 15
 Reutershan also asserts that the doctrine of equitable tolling can and should be applied in this case. Neither the Board nor this court has yet determined whether equitable tolling applies in IRA appeals.[2] See Montez, 55 M.S.P.R. at 233. However, in the context of a lawsuit in district court, the Supreme Court has held that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States. Congress, of course, may provide otherwise it wishes to do so." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95-96 (1990); see Catawba Indian Tribe of South Carolina v. United States, 982 F.2d 1564, 1571 (Fed.Cir.), cert. denied, 113 S.Ct. 2995 (1993) ("Even if there is no express tolling provision applicable, courts may when circumstances require invoke the concept of tolling as an equitable matter." (emphasis added)). We need not decide whether equitable tolling is permissible in IRA appeals or any other appeals to the MSPB.
 
 
 16
 As the Irwin Court emphasized, even where available, equitable tolling is extended only sparingly:
 
 
 17
 We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.
 
 
 18
 498 U.S. at 96 (citations omitted) (emphasis added).
 
 
 19
 Reutershan argues that equitable tolling should apply because he was reasonably misled by the OSC's August 19, 1993 letter to believe that the time limit for filing an appeal to the Board did not begin to run until OSC issued a further decision regarding whether it would reopen its investigation into his case. The Board did not abuse its discretion in concluding that equitable tolling would be inappropriate in this case.
 
 
 20
 First, the July 23, 1993 letter which informed Reutershan that OSC terminated the investigation of his case stated, "You may file a request for corrective action with the Board within 65 days after the date of this letter." Reutershan was thus clearly informed that the time for filing began to run as of July 23, 1993. Second, the August 19, 1993 letter informed Reutershan that there is no formal appeals process within OSC. The letter says nothing to suggest that the time period for appealing to the Board had been tolled. It did not amend the July 23 letter. Further, the August 19 letter did not tell him the OSC investigation was being reopened, but only that OSC would treat his letter as "a request for reconsideration of the decision of Office of Special Counsel to close the above-captioned file." A reasonable interpretation was that the file remained closed, pending further notice at an unspecified time. This conclusion is fortified by the further statement in the letter that he would later be notified of the OSC decision "whether the file should be reopened."
 
 
 21
 Reutershan simply argues he was not informed that the 65 day period would not be tolled. That is not enough. Furthermore, whether or not the letters were truly confusing about the applicable time limit for filing, Reutershan could easily have contacted OSC to clarify any uncertainty he had, making his case one of mere neglect and inappropriate for equitable tolling. Accordingly, we affirm.
 
 
 
 [1]
 We need not address at this time whether the regulation impermissibly modifies the statute by extending the deadline for filing by five days because petitioner met neither deadline. According to the Board, the phrase "notification was provided" in the statute could be subject to more than one interpretation. It could refer to the date OSC issued its termination notice, the date it mailed this notice to the employee, or the date the employee received the notice. Wood v. Department of Air Force, 54 M.S.P.R. 587, 591 (1992). The implementing regulation was meant to "clarify that the time for filing an individual right of action appeal ... begins to run from the date of issuance of the Special Counsel's written notification to the appellant and to increase the time limit for filing from 60 to 65 days to allow for mailing time." 55 Fed.Reg. 28,592 (1990)
 
 
 [2]
 The Board in this case did not decide the issue because it concluded that even if equitable tolling were permissible, on this record the time limit should not be tolled