**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOSEPH S. HAYES,
       Appellant,

     v.

DEPARTMENT OF JUSTICE,
       Agency.

DOCKET NUMBER
SF-1221-21-0377-W-1

DATE:  March 11, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joseph S. Hayes, Windsor, California, pro se.

Brooke A. DuBois, Esquire, and Clairanne Wise, Esquire, Springfield,
   Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

    The agency has filed a petition for review of the initial decision, which granted the appellant's request for corrective action in his individual right of action (IRA) appeal.  For the reasons discussed below, we GRANT the agency's petition for review, REVERSE the administrative judge's findings regarding the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

timeliness of the appeal, VACATE the initial decision, and DISMISS the appeal as untimely filed.

## BACKGROUND

The appellant was a Criminal Investigator with the U.S. Forest Service (USFS), a sub-agency of the Department of Agriculture, detailed to a task force operated by the Drug Enforcement Administration (DEA), a sub-agency of the agency in this appeal. *Hayes v. Department of Agriculture*, MSPB Docket No. SF-1221-21-0377-W-1, Initial Appeal File (IAF), Tab 9 at 49-55. In the spring of 2020, DEA terminated the appellant's position on the task force. IAF, Tab 1 at 22-23, Tab 9 at 16, 19-20. As a result, USFS directed the appellant's geographic reassignment. *Hayes v. Department of Agriculture*, MSPB Docket No. SF-1221-21-0320-W-1, Initial Appeal File (0320 IAF), Tab 7 at 40-41. The appellant declined the reassignment, and USFS removed the appellant, effective January 19, 2021, based on his declination. *Id.* at 22-26, 28-30.

The appellant filed a complaint with the Office of Special Counsel (OSC), in which he alleged that he engaged in whistleblower activity while assigned to the DEA task force, and that, because of that activity, in addition to personnel actions taken by USFS, DEA eliminated his task force position. IAF, Tab 1 at 36-37; Tab 19 at 4. On March 22, 2021, OSC issued the appellant a close-out letter and another letter informing him of his right to file an IRA appeal with the Board within 65 days. IAF, Tab 1 at 36-37. The appellant then timely filed a Board appeal against USFS. 0320 IAF, Tab 1. During a June 2, 2021 status conference in that appeal, the appellant indicated that he also wanted to pursue an IRA appeal against DEA. 0320 IAF, Tab 12 at 2. The administrative judge docketed the present appeal on that same date. IAF, Tab 2 at 2.

During the pendency of the present appeal, the agency noted that, based on the appellant's expression of his desire to file a Board appeal against the agency, the administrative judge docketed the appeal 72 days after OSC's March 22, 2021

close-out letter.  IAF, Tab 17 at 14.  The agency thus argued that the appeal was untimely filed, and also argued that equitable tolling of the statutory deadline was not warranted under the circumstances.  *Id.* at 14-15.  In response, the appellant argued that equitable tolling was warranted because his IRA appeal against USFS was a "good faith effort" to file an appeal against both USFS and DEA.  IAF, Tab 19 at 4.  The appellant also argued, among other things, that equitable tolling was appropriate due to "fraudulent concealment" and other agency misconduct, and that the 7-day filing delay was not significant.  *Id.* at 4-7.  The appellant further requested that his appeal be evaluated under 5 U.S.C. § 1214(a)(3)(B), which provides that an individual may file an IRA appeal with the Board 120 days after seeking corrective action from OSC if OSC does not notify the individual that it will seek corrective action on his behalf.  IAF, Tab 21 at 4.

In the initial decision, the administrative judge found the appeal had been timely filed, determining that the timeline under 5 U.S.C. § 1214(a)(3)(B) was more appropriate to apply to the appeal, but that even if the 60-day deadline under 5 U.S.C. § 1214(a)(3)(A) were applicable, equitable tolling excused the delay.[2]  IAF, Tab 23, Initial Decision (ID) at 14-17.  The administrative judge then concluded that the appellant made protected disclosures which were a contributing factor in DEA's elimination of his task force position, and that the agency failed to show by clear and convincing evidence that it would have eliminated the appellant's task force position absent his disclosures.  ID at 17-22.  As relief, the administrative judge ordered that DEA offer the appellant a position on its task force if an opening remained for a USFS agent.[3]  ID at 22.

---

[2] The appellant waived his right to a hearing and the administrative judge thus issued an initial decision based on the written record.  IAF, Tab 12 at 2.

[3] In the appellant's appeal against USFS, the administrative judge found that the appellant made protected disclosures which were a contributing factor in USFS's personnel actions, and that USFS failed to show by clear and convincing evidence that it would have taken the same actions absent those disclosures.  *Hayes v. Department of Agriculture*, MSPB Docket No. SF-1221-21-0320-W-1, Initial Decision at 17-27 (Nov. 17, 2021).  As corrective action, the administrative judge ordered, among other things, that the appellant's removal be reversed.  *Id.* at 28-29.  The administrative judge

The agency filed a petition for review in which it challenges, among other things, the administrative judge's timeliness analysis. Petition for Review (PFR) File, Tab 1 at 10-18. The appellant did not respond.

## ANALYSIS

The appeal was untimely filed.

Under 5 U.S.C. § 1214(a)(3)(A), if OSC notifies an individual seeking corrective action from OSC "that an investigation concerning such [individual] has been terminated," and "no more than 60 days have elapsed since notification was provided to such [individual] that such investigation was terminated," he may file an IRA appeal with the Board. Notwithstanding the implementing provisions of 5 C.F.R. § 1209.5(a), which adds 5 days to account for mailing, *Fisher v. Department of Defense*, 52 M.S.P.R. 470, 475 (1992), the statutory time limit for filing an IRA appeal cannot be waived for good cause shown because there is no statutory mechanism for doing so, *Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 9 (2014). On the other hand, an individual may file an IRA appeal with the Board under 5 U.S.C. § 1214(a)(3)(B) at any time if no action has been taken by OSC within 120 days of his filing of a complaint. *Schaefer v. Department of Transportation*, 87 M.S.P.R. 37, ¶ 12 (2000).

We disagree with the administrative judge's conclusion that the timeline under 5 U.S.C. § 1214(a)(3)(B) was appropriate to apply to the appeal. The administrative judge found that, because OSC's close-out letter did not address any investigation into actions by DEA, and it was not clear that OSC investigated the appellant's claims against DEA or timely issued a close-out letter for such an investigation, the 60-day deadline in 5 U.S.C. § 1214(a)(3)(A) did not apply. ID at 16-17.

---

also awarded the appellant compensatory damages against USFS in an addendum initial decision. *Hayes v. Department of Agriculture*, MSPB Docket No. SF-1221-21-0320-P-1, Initial Decision (Mar. 22, 2022). Neither party petitioned the Board for review of those initial decisions, which thus became final decisions of the Board. 5 C.F.R. § 1201.113.

It is correct that OSC's March 22, 2021 letter informing the appellant of his Board appeal rights did not specifically identify DEA as a subject of his complaint.  IAF, Tab 1 at 36.  However, based on the record, the appellant filed only one OSC complaint, and OSC's letter informed the appellant that its investigation into the entirety of that complaint had been terminated.[4]  *Id.* at 34-41.  The appellant never asserted that he made a complaint in addition to the one addressed in OSC's letter, nor is there any indication that the appellant was awaiting a separate close-out letter for OSC's investigation into his allegations regarding DEA.  Finally, the appellant acknowledged that he had alleged prohibited personnel practices by DEA in his OSC complaint, and OSC's letter informed the appellant that he may file an IRA appeal for "any personnel action" taken against him because of whistleblowing activity "that was the subject of [his] OSC complaint." *Id.* at 36; IAF, Tab 21 at 4.

We thus find that the condition that triggers the 60-day time limit under 5 U.S.C. § 1214(a)(3)(A)—that OSC notify the individual seeking corrective action that the investigation concerning that individual has been terminated—was satisfied by OSC's March 22, 2021 letter.  *Bauer v. Department of the Army*, 88 M.S.P.R. 352, ¶ 7 (2001).  Thus, because the 60-day deadline applied to the appeal, accounting for the additional 5 days in 5 C.F.R. § 1209.5(a), the appeal was untimely filed on June 2, 2021, by 7 days.

Equitable tolling is not warranted under the circumstances.

As set forth earlier, the statutory time limit for filing an IRA appeal cannot be waived based on a showing of good cause; this is unlike other types of appeals to the Board for which there is only a regulatory time limit for filing. *Heimberger*, 121 M.S.P.R. 10, ¶ 9.  However, the 60-day deadline under 5 U.S.C. § 1214(a)(3)(A) may be subject to equitable tolling, under which the filing period

---

[4] Because the appellant did not file his OSC complaint with the Board, we are left to discern its contents through available evidence.  IAF, Tab 1 at 34-41.  We assume that the appellant exhausted his claims in this appeal before OSC.

is suspended for equitable reasons.  *Id.*, ¶ 10.  Equitable tolling is a rare remedy that is to be applied in unusual circumstances and generally requires a showing that the litigant has been pursuing his rights diligently and some extraordinary circumstances stood in his way.  *Id.*; *see Wallace v. Kato*, 549 U.S. 384, 396 (2007).  In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990), the U.S. Supreme Court explained that it allowed equitable tolling when a claimant actively pursued his judicial remedies by filing a defective pleading during the statutory period, or was induced or tricked by his adversary's misconduct into allowing a deadline to pass, but has "generally been much less forgiving" when a claimant failed to exercise due diligence in preserving his legal rights.[5]

We disagree with the administrative judge's finding that the 60-day deadline in 5 U.S.C. § 1214(a)(3)(A) should be equitably tolled.  The administrative judge reasoned that the appellant diligently pursed his rights by filing an appeal based on OSC's instructions, that if OSC had intended its March 22, 2021 letter to give notice of appeal rights regarding an appeal against DEA it did not communicate that intent clearly, and that any ambiguity created by OSC constituted an extraordinary circumstance that stood in the appellant's way. ID at 17.  The administrative judge further found, applying *Irwin*, that the appellant actively pursued his remedies by timely filing a pleading against USFS, which may have been "defective" against DEA, but that this defect was corrected promptly.  *Id.*

However, as discussed, the appellant acknowledged that he had alleged prohibited personnel practices by DEA in his OSC complaint, and the March 22, 2021 letter informed the appellant that its investigation into the entirety of that complaint had been terminated and that he may file an IRA appeal for "any personnel action" taken against him because of whistleblowing activity "that was the subject of [his] OSC complaint."  IAF, Tab 1 at 36, Tab 21 at 4.  As

---

[5] In 5 C.F.R. § 1209.5(b), the circumstances under which *Irwin* found equitable tolling permissible are stated to apply to IRA appeals.

demonstrated by his timely filing of his appeal against USFS, the appellant knew how to timely file an appeal against DEA, 0320 IAF, Tab 1, and there was no "extraordinary circumstance" that stood in his way had he desired to do so.

Further, the administrative judge's finding that the appellant filed a diligent but "defective" pleading appears to have credited the appellant's assertion that his appeal against USFS was a "good faith effort" to file an appeal against both USFS and DEA. ID at 17; IAF, Tab 19 at 4. However, in statements in his USFS appeal that preceded the expression of his desire to file the current appeal, the appellant indicated that he was only seeking redress against USFS. 0320 IAF, Tab 8 at 6. For example, in response to USFS's attempt to argue that DEA, and not USFS, was the appropriate party to the appellant's appeal against USFS, the appellant described USFS as "the [a]gency [that] took the action, the [a]gency [that] is responsible." *Id.*; 0320 IAF, Tab 7 at 15. There is also no indication that the appellant's USFS appeal was intended to constitute an appeal against both USFS and DEA or that his failure to timely file an appeal against DEA was a result of a "defect." 0320 IAF, Tab 1. Tolling the 60-day statutory deadline is therefore inappropriate under the circumstances.[6] *See Heimberger*, 121 M.S.P.R. 10, ¶ 12 (finding equitable tolling inappropriate despite a potentially misleading letter from OSC when the appellant did not diligently pursue her claim during the period to be tolled and it did not appear that the potentially misleading language in the close-out letter was causally related to the appellant's untimely filing).

Regarding the appellant's argument that the 7-day filing delay was not significant, equitable tolling has been held to not excuse a filing delay of even a single day. *Taylor v. Secretary of the Department of Health and Human Services*,

[6] Even if the appellant was somehow confused by OSC's March 22, 2021 letter regarding his right to file an IRA appeal against DEA, he could easily have contacted OSC for clarification. His neglect in doing so would also make this appeal inappropriate for equitable tolling. *See Reutershan v. Merit Systems Protection Board*, 43 F.3d 1486, *4 (Fed. Cir. 1994) (Table) (finding that whether or not an OSC close-out letter was confusing about the applicable time limit for filing a Board appeal, the ease with which the petitioner could have contacted OSC for clarification makes his case one of mere neglect inappropriate for equitable tolling).

91 F.3d 172, *1 (Fed. Cir. 1996) (Table) (finding equitable tolling unavailable for garden variety excusable neglect leading to a 1-day filing delay).[7] Finally, the appellant's various allegations of DEA's malfeasance and "fraudulent concealment," IAF, Tab 19 at 5-7, do not warrant extending equitable tolling to this appeal, as they do not establish an explanation for his untimeliness or are otherwise irrelevant to the issue. Accordingly, the appellant's appeal was untimely filed, equitable estoppel does not excuse the appellant's delay, and the appeal is dismissed.

## NOTICE OF APPEAL RIGHTS[8]

This Final Order constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[7] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

_Gina K. Grippando_

FOR THE BOARD:         _____
                       Gina K. Grippando
                       Clerk of the Board

Washington, D.C.